CV17-2328

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

RUDOLPH KORNMANN,

                              Plaintiff,                    COGAN, J.

              -against-                                                    17 CV _____

NEW YORK CITY BUSINESS INTEGRITY COMMISSION,
CITY OF NEW YORK, MICHAEL DEL PINO, MATTHEW          **COMPLAINT**
GONZALEZ, JOHN CURRY, and JOHN and JANE DOES 1-      **AND DEMAND**
10,                                                 **FOR JURY TRIAL**

                              Defendants.

-----------------------------------------------------------------------X

RECEIVED
APR 17 2017
PRO SE OFFICE

Plaintiff Rudolph Kornmann ("Plaintiff" or "Kornmann"), as and for his complaint against defendants New York City Business Integrity Commission ("BIC"), City of New York ("NYC"), Michael Del Pino ("Del Pino"), Matthew Gonzalez ("Gonzalez"), John Curry ("Curry"), and John and Jane Does 1 through 10 ("Does 1-10") (collectively, "Defendants"), hereby alleges, upon information and belief, as follows:

### Parties and Jurisdiction

1.    Plaintiff is a natural person and a citizen of both the United States of America and the State of New York, with a residence, as well as his principal place of abode, located in Brooklyn, New York.

2.    Upon information and belief, Defendant NYC is a municipality within the State of New York with its principal place of business located at 1 Centre Street and/or 100 Church Street, New York, New York.  Plaintiff was continuously employed by NYC for approximately twenty-five (25) years including, at all times relevant herein, being employed by BIC.

3.    Upon information and belief, defendant BIC is a commission, and thus either an agency or instrumentality of NYC, or a body corporate and politic created pursuant to the Unconsolidated Laws of the State of New York.  BIC's principal place of business is located at 100 Church Street, New York, New York.  BIC continuously employed Plaintiff as a Computer Associate

2

from in or about 2001 until it forced him to take "early retirement" in or about January 2016.

4.      Defendant Del Pino is a natural person with offices, as well as his principal place of business, located at 100 Church Street, New York, New York. At all times relevant herein, Del Pino served as the Director of Information Technology for BIC, and Plaintiff's immediate supervisor.

5.      Defendant Gonzalez is a natural person with offices, as well as his principal place of business, located at 100 Church Street, New York, New York. At all times relevant herein, Gonzalez served as the Deputy and/or Assistant Director of Information Technology of, and Equal Employment Opportunity ("EEO") Officer for, BIC.

6.      Defendant Curry is a natural person with offices, as well as his principal place of business, located at 100 Church Street, New York, New York. At all times relevant herein, Curry served as an Assistant Commissioner of, and Agency Disciplinary Officer for, BIC.

7.      Defendants Does 1 through 10 are or were directors, officers, employees, agents, representatives, staff, successors, assigns, aiders and abettors, and/or co-conspirators of Defendants NYC, BIC and Del Pino in the acts, omissions, conspiracies and other wrongful conduct described herein, all of whom knew or should have known that their actions would cause legal injury to Plaintiff. The true names and capacities of Does 1-10 are presently unknown to Plaintiff, and Plaintiff accordingly sues such Defendants by such fictitious names. Upon discovery of their true names and capacities, Plaintiff will amend this Complaint to add said persons or other entities as additional named defendants herein, or otherwise identify them as per instruction or direction of the Court.

8.      This Court has jurisdiction over the subject matter of this action, which is brought under various federal, state and city enactments including Sections 1331, 1337(a), 1367(a) and 2201 of Title 28, United States Code, 28 U.S.C. §§ 1331, 1337(a), 1367(a) and 2201, as amended; Section 12101 *et seq.,* of Title 42, U.S. Code, 42 U.S.C. § 12101, *et seq.,* as amended, commonly known as the Americans With Disabilities Act (the "ADA"); Section 291 *et seq.* of the

3

Executive Law of the State of New York, commonly known as the New York State Human Rights Law (the "NYSHRL"); Title 8, Chapter 1, of the Administrative Code of the City of New York, N.Y.C. Admin. Code § 8-101 *et seq.,* as amended, commonly known as the New York City Human Rights Law (the "NYCHRL"); as well as principles of ancillary, pendent and supplemental jurisdiction.

9.     At all times relevant herein, Plaintiff was an employee, and Defendants were (and continue to all be) employers within the meaning of the various statutes identified hereinabove and below, pursuant to which Plaintiff's claims herein are brought, including, but not limited to, subsections (4) and (5), respectively, of Section 12111 of Title 42, U.S. Code.

10.     At all times relevant herein, Plaintiff has suffered from one or more debilitating and/or disabling conditions constituting disabilities within the meaning of the ADA, the NYSHRL and the NYCHRL, and has been a qualified individual with an actual or perceived disability, and/or a record or history thereof, able, with or without reasonable accommodation, to perform the essential functions of his position with Defendants.

11.     At all times relevant herein, Defendants have been aware of, and bound by, the ADA, the NYSHRL and the NYCHRL. Also at all such times, Defendants have employed far more than the minimum number of employees required for said statutes to apply to them.

12.     On January 17, 2017, the U.S. Equal Employment Opportunity Commission ("EEOC") issued, and on or about January 19, 2017, Plaintiff received, a Notice of Right to Sue ("NORTS") with respect to charges of discrimination and retaliation which he had filed with that agency on or about October 19, 2016, under Charge No. 520-2017-00547. Plaintiff has accordingly timely and properly fulfilled all statutory and/or other prerequisites, if any, to the bringing of this action, as well as each and all of the claims and causes of action stated hereinbelow, including the timely and proper exhaustion of all required administrative remedies in accordance with Section 12117(a) of Title 42, 42 U.S.C. § 12117(a). Plaintiff has also commenced the instant action within ninety (90) days from the date of his receipt of said NORTS, in accordance with 42 U.S.C. §

4

12117(a). Accordingly, all prerequisites to the filing of this action have been timely and properly satisfied.

   13. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

<b><u>Facts Giving Rise to This Action</u></b>

   14. Plaintiff worked for the City of New York for approximately twenty-five (25) years. For the final fifteen (15) of those years, Plaintiff worked at, and for, BIC, as a Computer Associate. In or about January 2016, after an extended period of discrimination and retaliation, Plaintiff was forced out of his job at BIC, and into "early retirement." The basis for such actions were his disabilities, actual or perceived, and his history and/or record thereof, and retaliation against him both for seeking reasonable accommodations for it, and for complaining when such requests, made to both his supervisors and BIC's Human Resources department ("HR") were either ignored or denied.

   15. For some time, Plaintiff has suffered from medically-diagnosed chondromalacia, as well as chronic lumbar disc and foot pain (both feet). Said conditions limit his ability to sit or stand for extended periods, as well as his ability to be among crowds of people where he might be bumped or jostled. Defendants, and particularly Del Pino, Plaintiff's immediate supervisor while employed at BIC, were all aware of his conditions prior to the actions they undertook against him, including because he had made repeated requests for accommodations for his condition upon his physician's advice, and submitted various "doctor's notes" to Defendants detailing his conditions, which notes Defendants had reviewed and approved.

   16. Among the accommodations Plaintiff requested from Defendants were periodic work breaks to stand, stretch and change position; intermittent leave due to pain, or for physical therapy or other treatment; a flexible work schedule (e.g., 10:30-6:30, rather than 9-5), both due to pain he suffered more acutely in the mornings, as well as so that he could travel to and from work on public transportation outside of the most crowded subway times (so as to be able to sit, or at least not be jostled while standing); and being able to occasionally work from home, as other

5

employees were permitted to do. Plaintiff had, in the past, been allowed a flex-time schedule, but Defendants' policy, and Plaintiff's supervisors, subsequently changed, and he was thereafter denied it.

17.     Plaintiff's supervisors and HR personnel at BIC refused to engage in any genuine interactive dialogue with Plaintiff, discuss his requests for such accommodations in good faith, or otherwise act in compliance with what they knew to be the requirements of applicable law. To the contrary, Plaintiff's mere requests for such discussion were often met with reprisals. On at least one occasion, Del Pino even admitted to Plaintiff, in words or substance, that Plaintiff would not be provided any accommodation whatsoever. Del Pino's remarkable explanation was that because Del Pino himself had not been compensated, or otherwise assisted, when his home was damaged in Hurricane Sandy, Plaintiff would be denied any accommodation, as well.

18.     Among the ways in which Plaintiff was retaliated against due to his disabilities, and/or after making requests for one or another of the above-noted accommodations, was being suspended (including without timely service upon him of the charges which purportedly provided the basis therefor); having his pay docked; being denied one or more promotions (and attendant increased compensation); being punitively required to work a strict 9-to-5 (or closely similar) schedule (an act which, notably, affirmatively *aggravated* both his disabilities and his suffering due to them); being verbally abused by supervisory personnel; being adversely evaluated (out of the standard cycle) for taking time out of work due to pain, physical therapy or other treatment; having documentation of purported procedural violations placed in his "file" (even though such procedures were not generally enforced, nor were similar "violations" documented for any other employee); being shouted at by Del Pino, including in front of coworkers, and then being reprimanded for "insubordination" for objecting to such mistreatment; having his office phone calls eavesdropped upon; being directed not to leave his desk, even to interact with co-workers on business matters (to the point that said coworkers were afraid to even engage with Plaintiff); being followed around the office, including even on visits to the restroom; after recovering from physical

6

therapy or a debilitating episode of pain, being kept out of service until he could work an arbitrarily-demanded "minimum" number of hours; being denied training; being assigned less substantive (more menial) work tasks than were either customary or appropriate to someone in Plaintiff's position, or with Plaintiff's experience; and having a member of his family traumatized, threatened and intimidated by one or more of Defendants' personnel misrepresenting themselves as a police officer in attempting to serve a notice of charges.  Plaintiff was also forced to have his physicians repeatedly re-verify the authenticity of previously submitted "doctor's notes"; and otherwise to repeatedly re-document his condition, including by completing the same forms again and again and, on at least one occasion, having to resubmit all of the "doctor's notes" he had submitted over the previous full two (2) years.

19.     Over the course of this mistreatment, Plaintiff grieved several of these punitive actions through his union, and brought complaints both internally and externally asserting violations of equal employment opportunity.  In virtually every instance, he was awarded relief, including being returned to duty, having docked pay paid/reimbursed to him, etc.  No such recourse was provided to Plaintiff, however, in connection with the events beginning in late 2015.

20.     On one occasion during late 2015, months after Defendants' mistreatment of him had commenced, Plaintiff was called in to be formally "counseled," purportedly for taking time off, even though the need for that time off had been both medically substantiated, and affirmatively previously approved.  Plaintiff thereupon requested that he be given his "Weingarten" rights – to union representation, upon facing discipline.  Instead, Del Pino falsely claimed that he had made a threat, and filed a wholly specious workplace violence complaint against him to try to fabricate a justification for that "discipline," as well as for the further reprisals he apparently sought to take against Plaintiff.  Plaintiff was thereupon suspended from work, and threatened, but not actually served, with formal charges.  Prior thereto, Plaintiff had worked for Defendants for more than two decades without ever even a hint of any "violent" conduct.

21.     On or about December 20, 2015, Defendants began a pointed effort to force

7

Plaintiff out of his position. Included in their efforts were the fabrication of, and/or reliance upon previously fabricated, documents purporting to reflect issues with Plaintiff's performance. Plaintiff was informed, however, that the (fabricated) charges against him would be withdrawn if he agreed to retire, or otherwise "voluntarily" leave his employment with Defendants. If not, such charges would be pursued at a formal administrative (OATH) trial seeking Plaintiff's dismissal. Under such duress and coercion, Plaintiff acquiesced.

22. Due to Defendants' discrimination and retaliation, Plaintiff has suffered the loss of his job, as well as a career he had spent a full quarter century building through long and loyal government service. Since his last day at BIC, Plaintiff has been unemployed – a period exceeding, as of the date of the filing hereof, fifteen (15) months. Upon information and belief, this is because, as further retaliation, one or more fabricated documents and/or other false or misleading statements regarding Plaintiff and his employment with Defendants has been, and is being, communicated by Defendants to potential employers of Plaintiff to deliberately and maliciously interfere with, and defeat, Plaintiff's efforts to find new employment. Defendants have also retaliated against Plaintiff by making threats of, or otherwise encouraging, civil, legal action against Plaintiff, and even criminal prosecution.

23. Plaintiff's losses as a result include the wages and benefits he had been receiving while employed; the opportunity to work to, or even beyond, a natural retirement age (65) in what was/is considered relatively secure employment; the additions to his pension which would have accrued to him in doing so; a substantially smaller pension as a result of being forced into "early retirement"; and a bar against resuming full-time employment anywhere in New York City government where, as noted above, Plaintiff had spent, until February 2016, virtually his entire professional life. Plaintiff has also suffered substantial emotional harm and distress, physically substantiated by, among other things, blood pressure so substantially elevated that it required he be prescribed medication notwithstanding having never had any prior history of high blood pressure, as well as clinically diagnosed depression and, for a brief period, suicidal ideation, as well.

8

24.    In light of the foregoing, Defendants are liable for having taken materially adverse employment actions against Plaintiff, and for having created a work environment hostile toward him on the basis of disability.  Plaintiff also charges each, and all, of the Defendants with retaliating against him both for seeking reasonable accommodations for his disability, as well as for complaining when they either ignored or denied his requests.

25.    As a result of Defendants' misconduct, Plaintiff has suffered, is presently suffering, and will continue to or will hereafter suffer various harms, losses and other injuries. Plaintiff is entitled to be compensated therefor, all in amounts to be determined at trial or, if such amounts are not readily determinable, or are insufficient to adequately compensate Plaintiff for the various harms, losses and other injuries he has suffered or will suffer, Plaintiff is without an adequate remedy at law, and is entitled to appropriate injunctive and other equitable relief for such violations sufficient to redress and compensate him fully therefor.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discriminatory Discharge in Violation of 42 U.S.C. § 12112(a))
### (Against Defendants BIC and NYC)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 25 hereof as if more fully set forth at length herein.

27.    Plaintiff's "early retirement" was coerced by Defendants on the basis of Plaintiff's actual or perceived disability, or record or history thereof.  Said conduct by Defendants constituted discrimination against Plaintiff, a qualified individual with an actual or perceived disability, or record or history thereof, on the basis thereof, in violation of the ADA, and particularly Section 12112(a) thereof.

28.    Defendants' actions were willful.

29.    As a result of Defendants' wrongful actions, Plaintiff has been damaged in an amount to be determined at trial.

9

## AS AND FOR A SECOND CAUSE OF ACTION
(Discriminatory Conduct in Violation of 42 U.S.C. § 12112(a))
(Against Defendants BIC and NYC)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 hereof as if more fully set forth at length herein.

31.     Defendants' various wrongful actions against Plaintiff, including failing and refusing to reasonably accommodate his known and/or perceived disabilities, and/or otherwise limiting him in a way that adversely affected his opportunities and status because of his actual or perceived disability, or history or record thereof, were taken on the basis thereof.  Said actions constituted discrimination against Plaintiff, a qualified individual with an actual or perceived disability, or history or record thereof, on the basis thereof, in regard to his compensation, terms, conditions and privileges of employment, in violation of the ADA, and particularly Section 12112(a) thereof.

32.     Defendants' actions were willful.

33.     As a result of Defendants' wrongful actions, Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Retaliation in Violation of 42 U.S.C. § 12203)
(Against Defendants BIC and NYC)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33 hereof as if more fully set forth at length herein.

35.     Defendants' various wrongful actions described above, including, but not limited to, their adverse actions against Plaintiff – including coercing his "early retirement" – for seeking accommodation for his disability, complaining to Defendants regarding their refusal to provide, or even engage in an interactive dialogue or other process regarding, same, and otherwise objecting to and opposing their various actions and practices which were in violation of Section 12112(a) of Title 42, U.S. Code, constituted unlawful retaliation against Plaintiff in violation of Section 12203 of Title 42, U.S. Code.

10

36.     Defendants' actions were willful.

37.     As a result of said wrongful actions, Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Discrimination on the Basis of Disability
in Violation of N.Y. Exec. L. §§ 296(a) and 296(a)3-a(a))
(Against Defendants BIC and NYC)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 37hereof as if more fully set forth at length herein.

39.     Defendants' various wrongful acts, omissions, failures and refusals to act, as described or referred to hereinabove, or otherwise, including but not limited to coercing his "early retirement," were taken against Plaintiff on the basis of his disability, actual or perceived, and/or history or record thereof, and constituted discrimination against him with respect to his compensation, terms, conditions, and privileges of employment on the basis thereof, in violation of the Executive Law of the State of New York, and particularly Sections 296(a) and 296(a)3-a(a) thereof.

40.     Defendants' actions were willful.

41.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Accommodate Disability
in Violation of N.Y. Exec. L. §§ 296(a) and 296(a)3-a(a))
(Against Defendants BIC and NYC)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 hereof as if more fully set forth at length herein.

43.     Defendants' various wrongful actions as described above constituted an unlawful failure to accommodate an individual with a disability, actual or perceived, and/or with a history or record thereof, and constituted discrimination against him with respect to his

compensation, terms, conditions, and privileges of employment on the basis thereof, in violation

of the Executive Law of the State of New York, and particularly Sections 296(a) and 296(a)3-

a(a) thereof.

44.     Defendants' actions were willful.

45.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and

will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional

distress, humiliation and other compensable damages, all in amounts to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Retaliation in Violation of N.Y. Exec. L. § 296(a)7)
(Against All Defendants)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs 1 through 45 hereof as if more fully set forth at length herein.

47.     Defendants' various wrongful actions described above, including, but not

limited to, their adverse actions taken against Plaintiff for complaining of their discrimination and

failure to accommodate his disability, and otherwise objecting to and opposing their various actions

and practices which were in violation of the Executive Law of the State of New York, constituted

unlawful retaliation against Plaintiff in violation of the Executive Law of the State of New York, and

particularly Section 296(a)7 thereof.

48.     Defendants' actions were willful.

49.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will

continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress,

humiliation and other compensable damages, all in amounts to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Aiding and Abetting Discrimination and Retaliation in Violation of N.Y. Exec. L. § 296(a)6)
(Against Defendants Del Pino, Gonzalez, Curry and John and Jane Does 1-10)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs 1 through 49 hereof as if more fully set forth at length herein.

51.     By their various wrongful actions as described above, Defendants aided and

12

abetted, or attempted to aid and abet, the doing of various acts forbidden by the Executive Law of the State of New York, in violation of Section 296(a)6 thereof.

52.   Defendants' actions were willful.

53.   As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Discrimination on the Basis of Disability in Violation of N.Y.C. Admin. Code § 8-107.1(a))
(Against Defendants BIC and NYC)

54.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53 hereof as if more fully set forth at length.

55.   Defendants' various wrongful acts, omissions, failures and refusals to act, as described or referred to hereinabove, or otherwise, including but not limited to coercing his "early retirement," were taken against Plaintiff on the basis of his disability, actual or perceived, and/or his history or record thereof, and constituted discrimination against him with respect to his compensation, terms, conditions, and privileges of employment on the basis thereof, in violation of the Administrative Code of the City of New York, and particularly Section 8-107.1(a) thereof.

56.   As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

### AS AND FOR A NINTH CAUSE OF ACTION
(Failure to Accommodate Disability in Violation of N.Y.C. Admin. Code § 8-107.1(a))
(Against Defendants BIC and NYC)

57.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 56 hereof as if more fully set forth at length.

58.   Defendants' various wrongful acts, omissions, failures and refusals to act, as described or referred to hereinabove, or otherwise, constituted an unlawful failure to accommodate his disability, and discrimination against him with respect to his compensation, terms, conditions,

13

and privileges of employment on the basis thereof, in violation of the Administrative Code of the City of New York, and particularly Section 8-107.1(a) thereof.

59.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

## AS AND FOR A TENTH CAUSE OF ACTION
( Retaliation in Violation of N.Y.C. Admin. Code § 8-107.7)
(Against All Defendants)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 59 hereof as if more fully set forth at length.

61.     Defendants' various wrongful acts, omissions, failures and refusals to act, as described or referred to hereinabove, or otherwise, including, but not limited to, their coercion of Plaintiff's "early retirement" and failure to accommodate his disability, as well as the other adverse actions taken against him for objecting to and/or opposing their various actions and practices which were in violation of the Administrative Code of the City of New York constituted unlawful retaliation against Plaintiff in violation of said Administrative Code, and particularly Section 8-107.7 thereof.

62.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Aiding and Abetting Discrimination and Retaliation in Violation of
N.Y.C. Admin. Code § 8-107.6)
(Against Defendants Del Pino, Gonzalez, Curry and John and Jane Does 1-10)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 hereof as if more fully set forth at length.

64.     By their various wrongful acts, omissions, failures and refusals to act, as described or referred to hereinabove, or otherwise, Defendants aided and abetted, or attempted to aid and abet, the doing of various acts forbidden by the Administrative Code of the City of New York,

14

and in particular, in violation of Section 8-107.6 thereof.

65.     As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer various injuries and harms, monetary damages, mental anguish, emotional distress, humiliation and other compensable damages, all in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for the following relief:

(a)     actual, compensatory, consequential, liquidated and all other damages available under applicable law, in amounts to be determined at trial;

(b)     back pay, back bonuses, back pension and related retirement contributions, benefits, and all other compensation, remuneration and entitlements Plaintiff would have received absent Defendants' wrongful conduct, in amounts to be determined at trial;

(c)     reinstatement, or front pay in lieu thereof, in an amount to be determined at trial;

(d)     punitive damages, in an amount to be determined at trial, against any and all parties against whom such damages may lawfully be awarded;

(e)     costs, expenses and disbursements;

(f)     reasonable attorney's fees;

(g)     fees for experts and professionals, if any;

(h)     interest on all of the foregoing amounts;

(i)     all permanent injunctive relief available and appropriate against each, and all, Defendants under applicable law, as well as a permanent injunction against any retaliation by Defendants, or any of them, against him;

(j)     all declaratory relief available and appropriate against each, and all, Defendants under applicable law including, but not limited to declarations that the Defendants, as herein alleged: violated the various statutes referred to hereinabove; unlawfully discharged Plaintiff; discriminated against Plaintiff on the basis of his disability, actual or perceived, and/or his history and/or record thereof; retaliated against Plaintiff for engaging in conduct protected by law; and, with respect to the individual Defendants, aided and abetted same; and

(k)     all other and further relief available under applicable law which this Court deems just and proper.

15

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury upon each and every one of the causes of action asserted herein, and otherwise, with respect to which a trial by jury may be had.

Dated: New York, New York
       April 17, 2017

                    RUDOLPH KORNMANN
                    Plaintiff *pro se*

                    908 East 35th Street
                    Brooklyn, New York  11210
                    (917) 847-6980

Defendant No. _1_

Name _New York City Business Integrity Commission_

Job or Title _____
 (if known)

Street Address _100 Church Street_

City and County _NY_

State and Zip Code _NY, 10007_

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. _2_

Name _City of New York_

Job or Title _____
 (if known)

Street Address _1 Centre St_

City and County _NY_

State and Zip Code _NY, 10007_

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. _3_

Name _Michael Del Pino_

Job or Title _Director of Information Technology_
 (if known)

Street Address _100 Church St_

City and County _NY_

State and Zip Code _NY, 10007_

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. _4_

Name _Matthew Gonzalez_

Job or Title _Deputy and/or Assistant Director, Information Technology and Equal Employment Opportunity Officer_
(if known)

Street Address _100 Church St_

City and County _NY_

State and Zip Code _NY, 10007_

Telephone Number _____

E-mail Address _____
(if known)


Defendant No. _5_

Name _John Curry_

Job or Title _Assistant Commissioner and Agency Disciplinary Officer_
(if known)

Street Address _100 Church St_

City and County _NY_

State and Zip Code _NY, 10007_

Telephone Number _____

E-mail Address _____
(if known)


Defendant No. ~~6 thru 10~~

Name _John Doe 1-10_

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street. 5ᵗʰ Floor
New York. NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Rudolph Kornmann
908 East 38ᵗʰ Street
Brooklyn, NY 11231

Re:   EEOC Charge No. 520-2017-00547
      Rudolph Kornmann v. NYC Business Integrity Commission

Dear Mr. Kornmann:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence submitted. You allege you were discriminated against because of your Disability and Retaliation for seeking reasonable accommodations and for complaining when such requests were made to your supervisors and Respondent's Human Resources Department were either ignored or denied. You further allege you were forced into early retirement.

Based upon a review of the documents received, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

JAN 17 2017

_Roxanne Zygmund_ for
Kevin J. Berry                          _____
District Director                       Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Rudolph Kornmann<br>908 E. 35th Street<br>Brooklyn, NY 11231 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-00547 | Roxanne Zygmund,<br>Investigator | (212) 336-3764 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

*Kevin J. Berry* (signature)

JAN 17 2017

Enclosures(s)

Kevin J. Berry,
District Director

*(Date Mailed)*

cc: **Cynthia L. Haskins, Director of Personnel
NYC BUSINESS INTEGRITY COMMISSION
100 Church Street, 20th Floor
New York, NY 10007**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

### WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneinda, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

### WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a pro se complaint. Every district court has either a clerk or staff attorney who can assist you in filing pro se. To find out how to file a pro se complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer if you choose. Whether you retain a private attorney, or file pro se, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists pro se complainants for specific instructions on how to seek counsel. The appointment of counsel in any pro se complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists pro se complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may assist you in finding a lawyer and ascertaining and asserting your legal rights:

American Bar Association
(800) 285-2221  www.abanet.org

New York State Bar Association
(800) 342-3661  www.nysba.org

New York City Bar Association
Legal Referral Service
(212) 626-7373

National Employment Lawyers Association
Referral Service  (212) 819-9450
http://www.nelahny.com  EN

Other local Bar Associations in your area may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed 2 years from the date of a determination, but time frames may vary. If you file suit and wish to request a copy of your investigative file, you or your attorney should make the request in writing as soon as possible. If you file suit, you or your attorney should also notify this office when the lawsuit is resolved.